FILED

2005 Dec-15  PM 02:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

JAMES CHARLES WATSON, JR.,    ]
    ]
       Petitioner,    ]
    ]
v.    ]   CIVIL ACTION NO. 05-RRA-1396-M
    ]
THE ATTORNEY GENERAL FOR THE    ]
STATE OF ALABAMA,    ]
    ]
       Respondent.    ]

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, James Charles Watson, Jr., was convicted on February 26, 2003, in the Etowah County Circuit Court, on his plea of guilty to first degree robbery. He was sentenced to twenty-five years' imprisonment. Watson did not appeal his conviction or sentence.

On July 21, 2003, Watson filed a Rule 32 petition in the Circuit Court of Etowah County. The trial court summarily denied the petition on January 26, 2004. Watson did not appeal the denial of his Rule 32 petition.

Watson filed a petition for a writ of habeas corpus in this court on June 27, 2005. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a)

of the Rules Governing Section 2254 Cases.  The petitioner has not responded to the motion for summary judgment.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Watson's conviction became final on April 9, 2003, when the forty-two days in which he could have filed a direct appeal from his conviction and sentence expired.  Thus, the one-year limitations period began to run on April 9, 2003.  Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The limitations period was tolled on July 21, 2003, when

2

Watson filed his Rule 32 petition.  At that point, 103 days of the limitations period had expired.  The limitations period began to run again on January 6, 2004, when the trial court denied the petition. It expired 262 days later, on September 24, 2004.  Watson did not file his habeas petition in this court until June 27, 2005, almost nine months after the limitations period expired.  Therefore, his petition is untimely and it is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 15th day of December, 2005.


_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

3